UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DEMETRESS T. JACKSON,

                Petitioner,

vs.                               Case No. 3:05-cv-1110-J-12MCR

JAMES R. MCDONOUGH, et al.,

                Respondents.

_____

**ORDER**

**I. Status**

Petitioner, an inmate of the Florida penal system who is proceeding pro se, initiated this action by filing a Petition (Doc. #1) for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on October 17, 2005.  He challenges his 2003 state court conviction for aggravated battery with a firearm on the following grounds: (1) his conviction was obtained in violation of his right to due process of law because the trial court failed to order that a presentence investigation report be prepared; (2) the trial court failed to rule on the claims set forth in his motion for post-conviction relief and failed to attach any records that would conclusively refute his claims; (3) the trial court erroneously denied his motion for post-conviction relief on the basis that it

was successive; (4) Petitioner received ineffective assistance of counsel for counsel's failure to object to a proposed amendment to the information; and, (5) the trial court erred in denying Petitioner's request for a jury to determine whether the minimum mandatory sentence should be applied in his case.

On December 20, 2005, Respondents filed a Response to Petition (Doc. #7) (hereinafter Response). Respondents filed an Appendix (Doc. #9) (hereinafter App.) in support of their Response on December 21, 2005. On November 14, 2006, Petitioner notified the Court that he does not intend to file a reply and that he would rather rely on his allegations and claims as stated in the Petition. See Petitioner's Reply to the Court's Order to Show Cause (Doc. #12). Thus, this case is ripe for review.

## II. Procedural History

On April 28, 2003, Petitioner was charged by information with one count of aggravated battery with a firearm. App. A at 1. On September 17, 2003, Petitioner entered into a plea agreement, in which he agreed to plead guilty to the offense in return for an eleven-year sentence, with a ten-year minimum term. Id. at 2-3. The state had intended to file an amended information on September 17, 2003, charging Petitioner with attempted first degree murder; however, in exchange for his plea of guilty to the charge of aggravated battery with a firearm, the state did not file the amended information. Id. at 5. The trial court adjudicated

2

Petitioner guilty of the charge of aggravated battery with a firearm and sentenced him in accordance with the plea agreement. Id. at 11-18. Petitioner did not appeal the judgment of conviction. Petition at 2.

On June 18, 2004, Petitioner filed a motion for post-conviction relief pursuant to Fla. R. Crim. P. 3.850 (hereinafter 3.850 motion), in which he contended that he received ineffective assistance of counsel and his plea was involuntary because counsel failed to argue that Petitioner should be classified and sentenced as a youthful offender. App. B at 2-16. The trial court entered an order denying the motion on August 5, 2004. Id. at 51-52. Petitioner appealed, and on October 19, 2004, the Fifth District Court of Appeal per curiam affirmed the trial court's order, without issuing a written opinion. Id. at 69, 84. The mandate issued on November 5, 2004. Id. at 85.

Petitioner filed a second 3.850 motion on February 22, 2005, in which he raised the following grounds for relief: (1) his plea was involuntary because he was misadvised that he would face life imprisonment for attempted first degree murder if he did not plead guilty to the charge of aggravated battery with a firearm; (2) the trial court erred by failing to sentence Petitioner as a youthful offender; (3) the trial court abused its discretion by failing to submit a referral to the Department of Corrections for investigation and recommendation for first time felony offenders;

3

and, (4) the trial court abused its discretion by upwardly
departing from the sentencing guidelines without providing reasons
for the departure. App. C at 13-31. On March 2, 2005, the trial
court entered an order denying the motion as successive. Id. at
32-33. Petitioner appealed, and on April 26, 2005, the Fifth
District Court of Appeal per curiam affirmed the trial court's
order, without issuing a written opinion. Id. at 38, 42. The
mandate issued on June 20, 2005. Id. at 44.

On June 16, 2005, Petitioner filed a motion to correct, reduce
or modify his sentence pursuant to Fla. R. Crim. P. 3.800
(hereinafter 3.800 motion), in which he raised the following
claims: (1) the trial court erred by failing to submit a referral
to the Department of Corrections for investigation and
recommendation of an appropriate sentence; (2) Petitioner was too
young at the time of the offense to appreciate the consequences of
committing the offense; (3) Petitioner acted under extreme duress;
(4) Petitioner was too young to appreciate the criminal nature of
his conduct and to conform that conduct to the requirements of the
law; (5) Petitioner desires to attend community college; (6)
Petitioner had no guidance due to the departure of his mother, the
absence of his father and the advanced age of his grandmother; and,
(7) the trial court erred by not requiring a jury to determine
whether a three, five, ten or thirty-year minimum mandatory
sentence should apply. App. D at 12-13.

4

On June 27, 2005, the trial court entered an order denying the motion.  Id. at 15.  Petitioner appealed, and on September 20, 2005, the Fifth District Court of Appeal per curiam affirmed the trial court's order, without issuing a written opinion.  Id. at 20-23, 26.  The mandate issued on October 7, 2005.  Id. at 27.

As noted previously, Petitioner filed the Petition before this Court on October 17, 2005.  Thus, Respondents contend, and this Court agrees, that this action was timely filed.  See Response at 3.

### III.  Evidentiary Hearing

This Court has carefully reviewed the record and concludes Petitioner is not entitled to an evidentiary hearing.  A habeas corpus petitioner is entitled to an evidentiary hearing in federal court if he alleges facts which, if proven, would entitle him to habeas corpus relief.  Smith v. Singletary, 170 F.3d 1051, 1053-54 (11th Cir. 1999) (citation omitted); Cave v. Singletary, 971 F.2d 1513, 1516 (11th Cir. 1992) (citing Townsend v. Sain, 372 U.S. 293 (1963)).  Here, the pertinent facts of the case are fully developed in the record before the Court.  The Court can "adequately assess [Petitioner's] claim[s] without further factual development." Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004).  Therefore, an evidentiary hearing will not be conducted by this Court.

## IV. Findings of Fact and Conclusions of Law

### A. Ground One

In ground one, Petitioner claims that his conviction was obtained in violation of his right to due process of law because the trial court failed to order that a presentence investigation report be prepared and forwarded to the Department of Corrections so that it could determine whether Petitioner should be placed on probation.   Respondents contend that this claim is procedurally barred because it was raised in a procedurally incorrect manner in state court.   This Court agrees that this claim is procedurally barred.

> "A state habeas corpus petitioner who fails to raise his federal claims properly in state court is procedurally barred from pursuing the same claim[s] in federal court absent a showing of cause for and actual prejudice from the default." Bailey v. Nagle, 172 F.3d 1299, 1302 (11th Cir. 1999) (citing Wainwright v. Sykes, 433 U.S. 72, 87, 97 S.Ct. 2497, 2506-07, 53 L.Ed.2d 594 (1977)).   This procedural default arises in two situations: (1) where the state court itself correctly applies state law procedural bar principles to conclude a federal claim is barred; and (2) where a claim was never raised in state court, and it is clear the unexhausted claim would now be barred under state law procedural bar principles.   Id. at 1302-03 (citations omitted). . . .

Herring v. Sec'y, Dep't of Corr., 397 F.3d 1338, 1343 (11th Cir.), cert. denied, 126 S.Ct. 171 (2005).

Petitioner never argued in state court that his conviction was obtained in violation of his right to due process of law because

the trial court failed to order that a presentence investigation
report be prepared.  This claim should have been raised on direct
appeal.  Furthermore, if Petitioner attempted to raise this claim
in another 3.850 motion at this time, the motion would be subject
to dismissal as untimely and successive.  Thus, it is clear that
this unexhausted claim would now be barred under state law
procedural bar principles.

Petitioner did raise a similar claim as ground three in his
3.850 motion (the trial court abused its discretion by failing to
submit a referral to the Department of Corrections for the
investigation and recommendation of first time felony offenders).
The trial court properly found that the second 3.850 motion was
successive.  The Fifth District Court of Appeal affirmed the trial
court's order.  Thus, insofar as Petitioner may be attempting to
raise in ground one of the Petition the same claim that he
presented in ground three of his second 3.850 motion, his claim has
been procedurally defaulted.

"Procedural defaults in state courts will foreclose federal
court review, absent a showing of cause and prejudice." Parker v.
Sec'y for the Dep't of Corr., 331 F.3d 764, 770 (11th Cir. 2003)
(citing Wainwright v. Sykes, 433 U.S. 72 (1977)), cert. denied, 540
U.S. 1222 (2004).  "[A] federal court may also grant a habeas
petition on a procedurally defaulted claim, without a showing of
cause or prejudice, to correct a fundamental miscarriage of

justice." <u>Fortenberry v. Haley</u>, 297 F.3d 1213, 1222 (11th Cir. 2002) (per curiam) (citing <u>Murray v. Carrier</u>, 477 U.S. 478, 495-96 (1986)), <u>cert</u>. <u>denied</u>, 538 U.S. 947 (2003).   The fundamental miscarriage of justice exception is only available in extraordinary cases upon a showing of "'actual' innocence" rather than mere "'legal' innocence." <u>Johnson v. Alabama</u>, 256 F.3d 1156, 1171 (11th Cir. 2001) (citations omitted), <u>cert</u>. <u>denied</u>, 535 U.S. 926 (2002).

Petitioner has not shown both cause excusing the default and actual prejudice resulting from the bar.   Furthermore, he has not shown that he is entitled to the fundamental miscarriage of justice exception.   Thus, the Court will not address Petitioner's claim raised in ground one.

Additionally, the Court notes that Petitioner raised a similar claim as ground one in his 3.800 motion (the trial court erred by failing to submit a referral to the Department of Corrections for the investigation and recommendation of an appropriate sentence). The trial court properly found that Petitioner waived this claim by entering his plea of guilty.   <u>See</u> Ex. D at 15.

"When a defendant pleads guilty he or she, of course, forgoes not only a fair trial, but also other accompanying constitutional guarantees." <u>United States v. Ruiz</u>, 536 U.S. 622, 628-29 (2002) (citation omitted).   In <u>Tollett v. Henderson</u>, 411 U.S. 258, 267 (1973), the United States Supreme Court:

reaffirm[ed] the principle recognized in the
<u>Brady</u> trilogy[1]: a guilty plea represents a
break in the chain of events which has
preceded it in the criminal process.  When a
criminal defendant has solemnly admitted in
open court that he is in fact guilty of the
offense with which he is charged, he may not
thereafter raise independent claims relating
to the deprivation of constitutional rights
that occurred prior to the entry of the guilty
plea.  He may only attack the voluntary and
intelligent character of the guilty plea by
showing that the advice he received from
counsel was not within the standards set forth
in <u>McMann [v. Richardson</u>, 397 U.S. 759
(1970)].

The Eleventh Circuit Court of Appeals has noted that:

The Supreme Court has given finality to
guilty pleas by precluding claims of
constitutional deprivations occurring prior to
entry of the plea.  <u>Tollett v. Henderson</u>, 411
U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d
235 (1973); <u>see</u> <u>Tiemens v. United States</u>, 724
F.2d 928, 929 (11th Cir.) (per curiam) ("[A]
guilty plea waives all nonjurisdictional
defects occurring prior to the time of the
plea, including violations of the defendant's
rights to a speedy trial and due process."),
<u>cert</u>. <u>denied</u>, 469 U.S. 837, 105 S.Ct. 134, 83
L.Ed.2d 74 (1984).

<u>Stano v. Dugger</u>, 921 F.2d 1125, 1150 (11th Cir.), <u>cert</u>. <u>denied</u>, 502
U.S. 835 (1991) (footnote omitted).

The claim raised in this ground concerns an alleged defect
that is nonjurisdictional, which allegedly occurred prior to the

---

[1] The <u>Brady</u> trilogy of cases consists of: <u>Brady v. United States</u>,
397 U.S. 742 (1970); <u>McMann v. Richardson</u>, 397 U.S. 759 (1970); and,
<u>Parker v. North Carolina</u>, 397 U.S. 790 (1970).

entry of Petitioner's plea.   Accordingly, Petitioner is not entitled to relief on this ground.

## B. Grounds Two and Three

In grounds two and three, Petitioner contends that: (1) the trial court failed to rule on the claims set forth in his motion for post-conviction relief and failed to attach any records that would conclusively refute his claims; and, (2) the trial court erroneously denied his motion for post-conviction relief on the basis that it was successive.

Respondents contend, and this Court agrees, that these claims are procedurally barred because they were not exhausted in state court.   Petitioner has not shown both cause excusing the default and actual prejudice resulting from the bar.   Furthermore, he has not shown that he is entitled to the fundamental miscarriage of justice exception.

Additionally, these two grounds do not present issues that are cognizable on federal habeas review.   The Eleventh Circuit has noted:

> In Spradley v. Dugger, we held that where a petitioner's claim goes to issues unrelated to the cause of petitioner's detention, that claim does not state a basis for habeas relief.   825 F.2d 1566, 1568 (11th Cir. 1987) (involving claims as to errors at a hearing on the petitioner's 3.850 motion); see also Nichols v. Scott, 69 F.3d 1255, 1275 (5th Cir. 1995) ("An attack on a state habeas proceeding does not entitle the petitioner to habeas relief in respect to his conviction, as it is an attack on a proceeding collateral to the

10

> detention and not the detention itself.")
> (internal quotes omitted); <u>Franzen v.
> Brinkman</u>, 877 F.2d 26, 26 (9th Cir. 1989)
> (agreeing with the majority view and holding
> that "a petition alleging errors in the state
> post-conviction review process is not
> addressable through habeas corpus
> proceedings"). Therefore, while habeas relief
> is available to address defects in a criminal
> defendant's conviction and sentence, an
> alleged defect in a collateral proceeding does
> not state a basis for habeas relief. <u>See</u>
> <u>Spradley</u>, 825 F.2d at 1568.

<u>Quince v. Crosby</u>, 360 F.3d 1259, 1261-62 (11th Cir.), <u>cert</u>. <u>denied</u>,

543 U.S. 960 (2004).

Petitioner's claims in grounds two and three pertain to alleged errors in his post-conviction proceedings. These alleged defects do not state a basis for federal habeas relief. Accordingly, Petitioner is not entitled to relief on the basis of these claims.

### C. Ground Four

Petitioner contends that he received ineffective assistance of counsel for counsel's failure to object to a proposed amendment to the information. This claim has been procedurally defaulted for the same reasons stated in the discussion of ground one because this ineffectiveness claim was never raised in state court.

Petitioner has not shown both cause excusing the default and actual prejudice resulting from the bar. Furthermore, he has not shown that he is entitled to the fundamental miscarriage of justice

exception.  Thus, the Court will not address the ineffectiveness claim raised in ground four.

### D. Ground Five

Petitioner contends that the trial court erred in denying his request for a jury to determine whether the minimum mandatory sentence should be applied in his case.  Petitioner raised this claim as ground seven in his 3.800 motion, and the trial court found that he had waived this claim by pleading guilty.  Ex. D at 15.

Clearly, the claim raised in this ground concerns an alleged defect that is nonjurisdictional, which allegedly occurred prior to the entry of Petitioner's plea.  Accordingly, Petitioner is not entitled to relief on this ground because it was waived when he entered his guilty plea.

Additionally, insofar as Petitioner contends in ground five that the trial court erred in denying his 3.800 motion, such a claim was not exhausted in state court.  Therefore, it is procedurally defaulted.  Petitioner has not shown both cause excusing the default and actual prejudice resulting from the bar.  Furthermore, he has not shown that he is entitled to the fundamental miscarriage of justice exception.  Finally, this claim concerning a defect in his collateral proceeding does not state a basis for habeas relief.  See Quince v. Crosby, 360 F.3d at 1261-62.

Any other claims not specifically addressed are found to be without merit.   Accordingly, for the above-stated reasons, the Petition will be denied, and this case will be dismissed with prejudice.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.   The Petition (Doc. #1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2.   The Clerk of the Court shall enter judgment denying the Petition and dismissing this case with prejudice.

3.   The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this  17th   day of January, 2007.

*Howell W. Melton*

HOWELL W. MELTON
United States District Judge

ps 1/9
c:
Demetress T. Jackson
Assistant Attorney General Bonnie Jean Parrish